**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ELMER ALFREDO DIAZ GONZALEZ, )
)
Petitioner, )
)
-vs- )   NO. CIV-26-0672-HE
)
MARKWAYNE MULLIN, et al.,[1] )
)
Respondents. )

## ORDER

Petitioner Elmer Alfredo Diaz Gonzalez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the petition, petitioner is a citizen of Guatemala who entered the United States on or about February 20, 2001. He was detained by ICE while on his way to work on March 16, 2026. Thereafter, the U.S. Department of Homeland Security commenced removal proceedings against petitioner, charging that he was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) by entering the United States without inspection. The petition indicates petitioner is currently detained by ICE at Cimarron Correctional Center in Cushing, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A) violates the INA, the Fifth Amendment due process clause, and the Administrative Procedure Act (APA). He maintains his detention should be determined under 8 U.S.C.

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Todd Blanche in his official capacity as acting Attorney General of the United States is substituted as respondent for Pamela Bondi, sued in her official capacity as Attorney General of the United States.*

§ 1226(a), which allows for release on bond.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper, the constitutional claims are not ripe, and the APA claim is not reviewable in habeas proceedings.  In reply, petitioner contends that his detention is controlled by § 1226(a), and the court should order him immediately released since respondents failed to follow the procedures prescribed by § 1226(a) in detaining him. In the alternative, petitioner requests the court to order a bond hearing before a neutral immigration judge applying the proper standards of § 1226(a).  Petitioner also contends his constitutional claims are ripe and the APA claim is reviewable.

The court concludes the habeas petition should be granted in part.  Respondents recognize that "the members of this Court have established their respective positions on [the § 1225(b)(2)(A)] issue" and "[j]udicial economy and Rule 1 are not furthered by continued relitigation of the same points." [Doc. #7, p. 1].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-

2

Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Second Circuit Court of Appeals in Cunha v. Freden, ___ F.4th ___, 2026 WL 1146044, at **3-23 (2d Cir. Apr. 28, 2026), and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas corpus petition in part[3] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release petitioner if he had not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

---

[2] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[3] In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's Fifth Amendment and APA claims.

3

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 5th day of May, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4